MERCHANTS & FARMERS NATIONAL BANK OF CISCO v. A. H. JOHNSON ET AL.

Decided February 15, 1908.

1.—Damages—Parties—Alternative Prayer.

In a suit by several parties for the value of cattle alleged to have been seized by writ of attachment and converted by the defendant, it was competent for plaintiffs to allege, in separate counts, that they were partners in the ownership of the cattle, or that they were joint owners of the cattle, and to ask an alternative recovery in accordance with the facts found.

**2.—Announcement for Trial—Withdrawal—Practice.**

An assignment of error based upon the refusal of the trial court to allow appellant to withdraw its announcement of ready for trial, cannot be considered when the record contains no bill of exception to the action of the court.

**3.—Confusion of Goods—Evidence.**

When cattle which are bought and owned individually by one member of a partnership are so branded as to distinguish them from the partnership cattle, the doctrine of confusion of goods does not apply although the cattle are all placed in the same pasture.

Error from the District Court of Eastland County. Tried below before Hon. J. H. Calhoun.

*Scott & Brelsford,* for plaintiff in error.

*J. J. Butts* and *Patterson & Stubblefield,* for defendants in error.

STEPHENS, ASSOCIATE JUSTICE.—About the 20th day of June, 1906, plaintiff in error caused twenty-one four-year-old steers, fifteen cows and calves, and about one hundred and thirty-four other cattle to be seized under a writ of attachment sued out against W. T. Hudgens, Jr., and this suit was brought by defendants in error, A. H. Johnson and A. L. Mayhew, against the plaintiff in error to recover the value of the cattle so seized, and also to recover vindictive damages. These was no ground for the claim for vindictive damages and the court instructed the jury to disregard it. A verdict for actual damages in the sum of nineteen hundred and nine dollars, the value of the cattle, was returned, on which judgment was rendered in favor of defendants in error, and from that judgment this writ of error is prosecuted.

The petition contained two counts. In one it was alleged that the cattle levied on as the property of W. T. Hudgens, Jr., belonged to A. H. Johnson, A. L. Mayhew and W. T. Hudgens, Jr., as partners; that said Hudgens had become insolvent and had absconded, and that his whereabouts was unknown; that the partnership owned no other property and owed debts in excess of the value of the cattle, and that the claim for damages against plaintiff in error was the only resource for the payment of the firm's debts.

In the other count it was alleged that if the cattle were not partnership property, they belonged to said Johnson, Mayhew and Hudgens as joint owners. The prayer of the petition was for recovery, for the benefit of the partnership, of the total value of the cattle and, in the alternative, for defendants in error for two-thirds of that value.

*Conclusions.*—It was clearly competent for defendants in error to seek an alternative recovery, as was done, and the assignment raising this objection to the petition is overruled.

In the next three assignments complaint is made of the action of the court in refusing to permit plaintiff in error to withdraw its announcement of ready for trial in order to have the accounts

of the partnership audited, and in order that it might file an affidavit denying the fact of partnership, but we are not cited to any bill of exception as basis for these complaints, and even in the application to withdraw the announcement no excuse whatever was offered for having gone to trial without first attending to these preliminary matters. There is, therefore, nothing to show any abuse of discretion.

In the remaining numerous assignments, save the last (which complains of the verdict), plaintiff in error complains of the charge of the court and of the court's action in refusing special charges. We think the requested charges were all properly refused and find no serious objection to any of the charges given, except the charge complained of in the seventeenth assignment, which placed the burden of proof on plaintiff in error to establish title in Hudgens individually to any of the cattle levied on if he had purchased the same individually after the original purchase by the firm. It seems that the herd of partnership cattle had been placed in a pasture northwest from Cisco, and that some time thereafter Hudgens purchased some cows on his own account and placed the same in this pasture. But it also appears that these cattle had been so branded as to distinguish them from the partnership cattle. The case was therefore not one of confusion of goods, although the cattle were kept in the same pasture, since they were clearly distinguishable by the brands. None of the cattle levied on were in the brands placed on the individual cattle of Hudgens, and we therefore fail to see what harm could have resulted from this error in the charge. Indeed, we are of opinion that all the assignments complaining of the charge and of.the court's refusal to give charges must be overruled on the ground that the evidence did not admit of any other verdict. In other words, the facts alleged in the partnership count of the petition as a basis for recovery of actual damages, were conclusively established by the testimony. The judgment is therefore affirmed.

*Affirmed.*